FILED

2014 Jun-27  AM 10:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION**

| | | |
|---|---|---|
| **KEVIN LANDON HENSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 4:14-CV-163-VEH** |
| | ) | |
| **CITY OF GADSDEN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

**MEMORANDUM OPINION AND ORDER**

**I.      Introduction**

This employment dispute arises under the Americans with Disabilities Act of

1990 (the "ADA") and the Americans with Disabilities Act Amendments Act of 2008

(the "ADA Amendments") (collectively, the "ADAA"). (Doc. 1 at 1 ¶ 1). Plaintiff

Kevin Landon Henson ("Mr. Henson") filed his initial complaint (Doc. 1) on January

30, 2014, and his amended and restated pleading (Doc. 14) on March 24, 2014. The

defendants named in Mr. Henson's lawsuit are the City of Gadsden (the "COG") and

the Gadsden Civil Service Board (the "GCSB"). (Doc. 14 at 1; *id.* at 2 ¶¶ 4, 5; *id.* at

4-11 ¶¶ 13-60); (*see also* Docs. 15, 16,  (copies of executed summonses)).

Pending before the court is COG's Motion To Dismiss Amended and Restated

Complaint, and Renewal of Motion To Dismiss (Doc. 17) (the "Motion") filed on

April 17, 2014. The parties have briefed the Motion (Docs. 18, 20, 21), and it is ready

for disposition. For the reasons explained below, the Motion is **DENIED**.

## II.    Rule 12(b)(6) Standard

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint. *See* Fed.

R. Civ. P. 12(b)(6) ("[A] party may assert the following defenses by motion:  (6)

failure to state a claim upon which relief can be granted[.]"). The Federal Rules of

Civil Procedure require only that the complaint provide "'a short and plain statement

of the claim' that will give the defendant fair notice of what the plaintiff's claim is

and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99,

103, 2 L. Ed. 2d 80 (1957) (footnote omitted) (quoting Fed. R. Civ. P. 8(a)(2)),

*abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955,

1965, 167 L. Ed. 2d 929 (2007); *see also* Fed. R. Civ. P. 8(a) (setting forth general

pleading requirements for a complaint including providing "a short and plain

statement of the claim showing that the pleader is entitled to relief").

While a plaintiff must provide the grounds of his entitlement to relief, Rule 8

does not mandate the inclusion of "detailed factual allegations" within a complaint.

*Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 (quoting *Conley*, 355 U.S. at 47, 78 S.

Ct. at 103). However, at the same time, "it demands more than an unadorned,

the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662,

678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563, 127 S. Ct. at 1969.

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (emphasis added). "Under *Twombly*'s construction of Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims' . . . 'across the line from conceivable to plausible.' *Ibid*." *Iqbal*, 556 U.S. at 680, 129 S. Ct. at 1950-51.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965).

## III.   Analysis

Mr. Henson complains that, despite being qualified and applying for an open municipal position with the COG, the GCSB recommended that the COG not hire him on account of his Type I diabetic condition. His lawsuit contains three counts. Count One is for disability discrimination under the ADAA against both defendants. (Doc. 14 at 5-6 ¶¶ 26-30). Count Two is for disability perception discrimination under the ADAA against both defendants. (*Id.* at 6 ¶¶ 31-35). Finally, pursuant to 42 U.S.C. § 1985(3), Count Three asserts a conspiracy to violate the equal protection clause against both defendants. (Doc. 1 at 6-7 ¶¶ 36-40).

The COG maintains that it is not a proper party to Mr. Henson's lawsuit because it merely followed the GCSB's instructions in its treatment of Mr. Henson. The COG also asserts that it is a separate legal entity from the GCSB and denies Mr. Henson's allegations that it and the GCSB are "inextricably intertwined." (Doc. 14 at 3 ¶ 10). Finally, the COG contends that Mr. Henson's conspiracy count is likely not to be cognizable within the Eleventh Circuit based upon other decisions by that appellate court, which have addressed the permissible scope of § 1985(3).

Turning first to the COG's initial two related arguments, while its briefing contains Alabama state court authorities that recognize its legal separateness from the GCSB for the purposes of Alabama law, it neglects to reference any on-point federal

cases that have embraced the proposition that it cannot plausibly be sued as Mr.

Henson's prospective employer for violations of the ADAA. Thus, the court finds

these contentions to be underdeveloped and unpersuasive. *Cf. Flanigan's Enters., Inc.*

*v. Fulton County, Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (holding that a party

waives an argument if the party "fail[s] to elaborate or provide any citation of

authority in support" of the argument); *Ordower v. Feldman*, 826 F.2d 1569, 1576

(7th Cir. 1987) (stating that an argument made without citation to authority is

insufficient to raise an issue before the court).

Moreover, the COG's position that <u>only</u> the GCSB may be plausibly liable to

Mr. Henson for violations of the ADAA is at odds with at least one <u>binding</u> Eleventh

Circuit decision. As the Eleventh Circuit specifically held under a comparable federal

employment statute, "<u>two or more state or local governmental entities will be treated</u>

<u>as a single 'employer' under Title VII</u> where one entity exerts or shares control over

the fundamental aspects of the employment relationships of another entity, to such a

substantial extent that it <u>clearly outweighs the presumption that the entities are</u>

<u>distinct</u>." *Lyes v. City of Riviera Beach*, 166 F.3d 1332, 1345 (11th Cir. 1999)

(emphasis added). Therefore, the COG's contention of implausibility tied to its

separateness from the GCSB is additionally rejected on the basis that *Lyes* recognizes

an exception to the presumption that a court should normally treat multiple municipal

entities distinctly in employment-related matters.

As for Mr. Henson's civil conspiracy count, in his amended complaint he candidly observes:

> The United States Court of Appeals for the Eleventh Circuit has not specifically addressed whether the protected class of disability is covered for the purposes of 42 U.S.C. § 1985(3). The Second and Eighth Circuits have extended 42 U.S.C. § 1985(3)'s protection to disability discrimination; however Plaintiff acknowledges a circuit split exists in that Seventh and Tenth Circuits have not provided such coverage. *See Fitzpatrick v. City of Falmouth*, 321 F. Supp. 2d 119, 124 (D. Me. 2004). The Eleventh Circuit has only grazed the issue of disability discrimination in light of 42 U.S.C. § 1985(3) in *Wilbourne v. Forsyth Cty. Sch. Dist.*, 306 Fed. Appx. 473, 477-78 (11th Cir. 2009), wherein the claim was dismissed on grounds not related to the issue of coverage.

(Doc. 14 at 6 n.1).

The COG does not dispute the still open question status of this type of claim within the Eleventh Circuit. Under such circumstances, and because other viable counts remain in the lawsuit, there is no reason for this court to "rush to judgment" and attempt to predict what the Eleventh Circuit will ultimately decide about the merits of a disability conspiracy claim, especially when that court may expressly address the issue in a published opinion during the pendency of this case. Therefore, the COG's Motion is also **DENIED** as to Count Three.

## IV.   Conclusion

Accordingly, COG's Motion is **DENIED**.

**DONE** and **ORDERED** this the 27th day of June 2014.

**VIRGINIA EMERSON HOPKINS**
United States District Judge